JOHN G. PETERS *et al.*, Appellees, v. G. P. WARNER *et al.*, Appellants.

School District: BOARD OF DIRECTORS: MANDAMUS. The board of directors of a school district will not be compelled by *mandamus* to relocate and remove a schoolhouse from one subdistrict to another, pursuant to a resolution passed by the board, upon the petition of residents of the subdistrict where such schoolhouse is situated, when the conduct of the board is in accord with the wishes of the electors of the district township as expressed at their annual meeting, and it does not appear that the petitioners will be prejudiced thereby.

*Appeal from  Butler  District Court.*—HON.  JOHN B. CLELAND,  Judge.

FRIDAY, OCTOBER 24, 1890.

ACTION of *mandamus* to compel the relocation of a schoolhouse.  There was a trial by the court, and a judgment in favor of plaintiffs.  The defendants appeal.

*Hemenway & Grundy*, for appellants.

*O. B. Courtright*, for appellees.

ROBINSON, J.—Prior to the twenty-third day of November, 1887, subdistrict number 2 of the district township of Monroe, in the county of Butler, included sections 3, 4, 9, 10, 15 and 16, and parts of 21 and 22.  At the regular meeting of the board of directors held in September, 1887, the plaintiffs petitioned the board to subdivide the district in such a manner that the four sections first named should constitute one subdistrict, and the other four sections another. The board refused to grant the petition.  An appeal was taken to the county superintendent, and on the day first named the action of the board was reversed,

and the district was divided, and subdistricts created as prayed. The schoolhouse of the original subdistrict was located on the northwest corner of section 15. In March, 1888, the new subdistricts voted taxes for the purpose of building a new schoolhouse in each district, and the annual district township meeting voted an additional tax for the same purpose. The amounts thus voted were two hundred dollars on each subdistrict, and six hundred dollars on the district township. The matter of disposing of the old schoolhouse was considered, but no formal action was taken in regard to it. A motion "to let the schoolhouse stand on its present site for one year in the subdistrict of the south half of subdistrict number 2 for the accommodation of district number 2, and the subdistrict of the south half" was adopted. At the regular meeting of the board held on the third Monday in March, 1888, plaintiffs petitioned the board to relocate the schoolhouse site in the south subdistrict at or near the center thereof, and to remove the schoolhouse to such site. The board denied the petition, and steps were taken to perfect an appeal from that decision. Before the time fixed for hearing the appeal, a special meeting of the board was held, its action in denying the petition to relocate was rescinded, and a committee of three persons was appointed to relocate the site, and remove the schoolhouse as prayed. The appeal was not further prosecuted.

After the annual district township meeting, a teacher was employed by the director of the south subdistrict to teach in the old schoolhouse, and a school was maintained therein for several months, and was in operation when this case was tried in the district court, for the benefit of the residents of both subdistricts. The plaintiffs, two in number, are residents of the south subdistrict, and have children of proper age to send to school. They allege that the action of the board in rescinding its action on the petition to relocate, and in appointing a committee to relocate and move the schoolhouse, was for the purpose of defeating the

appeal, and with the understanding that the relocation should not be perfected until the tax levied for the year 1888 should be collected. The prayer of the petition is as follows: "Plaintiffs demand a peremptory writ of *mandamus*, commanding said defendants to forthwith relocate said schoolhouse, and remove the same to or near the center of said subdistrict, with costs of this action." The petition does not show who the defendants are, but we infer from the prayer, and from an averment to the effect that they have failed to perform an official duty, that they constitute the board of directors of the district township of Monroe.

The electors of each district township, when legally assembled at their annual meetings, have power "to direct the sale or other disposition to be made of any schoolhouse or the site thereof, and of such other property, personal or real, as may belong to the district; to direct the manner in which the proceeds arising therefrom shall be applied; * * * to vote such tax, not exceeding ten mills on the dollar in any one year, on the taxable property of the district township, as the meeting shall deem sufficient for the purchase of grounds, and the construction of the necessary schoolhouses for the use of the district. * * * " Code, sec. 1717. It is the duty of the board of directors to "make all contracts, purchases, payments and sales necessary to carry out any vote of the district." Code, sec. 1723. It is also their duty to provide a school in each subdistrict for at least twenty-four weeks in each year, unless relieved by the county superintendent. Code, sec. 1727.

It will be observed that the directors provided a school in the subdistrict in which plaintiffs reside. They complain because the board did not provide one in the north subdistrict, but they have failed to show themselves in any manner interested in such a school. When the district township meeting authorized the construction of two schoolhouses in March, 1888, there was no money in the schoolhouse fund, the contingent fund was largely overdrawn, and the schoolhouse could

VOL. 81—22.

be moved or a new one built only by incurring a debt in anticipation of the taxes which would be available in the year 1889. It has been held that a board of directors may incur a debt on account of the district township in advance of the collection of taxes, to carry out a vote of the annual meeting. *Austin v. District Township of Colony*, 51 Iowa, 102. In this case the building of two schoolhouses was authorized, but the meeting did not in terms direct or authorize the board to anticipate the revenue, and incur a debt by constructing schoolhouses at once. On the contrary, the action of the meeting was in effect a direction to the board not to remove the old schoolhouse for one year, but to use it for the benefit of the two new districts. It may be conceded that the meeting had no power to prevent the establishing of a school in the north subdistrict, and that the power to fix and relocate schoolhouse sites is vested in the board. Code, secs. 1727, 1724. But the action of the township meeting contemplates some disposition of the old schoolhouse, other than its removal to a new site, and was within the power conferred by statute. Code, sec. 1717. It is clear that the board were not required to move the house to a new site by any vote of the district. It is shown that the house was old with rotten sills, and joists in bad condition ; that it could not be moved with advantage ; that it was of little value to move ; that it could not be moved along the highway, and should not be moved through the fields in any event unless the crops were harvested and the ground frozen. The board are carrying out the wishes of the electors of the district township as expressed at their annual meeting. All persons in interest appear to be satisfied with the arrangement adopted excepting plaintiffs, and their children can reach the schoolhouse by traveling one and one-fourth miles. The committee of the board desired to locate the new site a mile south of the present one, but there are objections which may cause a place eighty rods further north to be selected. Negotiations were being

carried on with respect to that place, and the matter of the new site is not fully determined.   While it is true that the board of directors are required to locate the schoolhouse with respect to the geographical position and convenience of the people, the exercise of that power involves a discretion on the part of the board, and it is proper for them to take into consideration the condition of the district funds, the difficulty and expense of relocating the schoolhouse, and the convenience and best interests of all persons concerned.   We do not discover any abuse of discretion in this case. On the contrary, we are satisfied that the board have acted in good faith in the discharge of their duties.   It may be that their action in rescinding the refusal to relocate, and in appointing a committee was done with the purpose charged, but that is immaterial so long as their object was entirely proper and within the scope of their powers.   We must presume from the facts shown, that had the action not been rescinded it would have been affirmed by the county superintendent had the appeal been perfected.

The judgment of the district court is REVERSED.